IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Steven F. Wolff )<br>)<br>          Plaintiff, )<br>  v. )<br>)<br>)<br>Seedays (Illinois) LLC )<br>And Dmitry Isaev )<br>individually and in his )<br>Official capacities as an "employer" as defined )<br>Under Illinois law and FLSA )<br>)<br>          Defendants. ) | Case No. 16 CV 3348<br><br>The Honorable:<br>Magistrate Judge:<br><br><br><br><br>**Jury Trial Demanded** |

## COMPLAINT

NOW COMES the Plaintiff, Steven Wolff , ("Plaintiff") by and through his undersigned counsel of record, John C. Ireland of the Law Office of John C. Ireland and complains against the Corporate Defendant, Seedays (Illinois) LLC., and Dmitry Isaev, individually and in his official capacity as an "employer" as defined under Illinois law and under the FLSA, as follows:

## INTRODUCTION

1. This case is filed based on Defendants' violations of the Fair Labor Standards Act (hereinafter "FLSA") and the Illinois Minimum Wage Law (hereinafter "IMWL") and common law breach of contract, and the Illinois Wage Payment and Collection Act (Hereinafter "IWPCA").

2. This case is filed under the Fair Labor Standards Act ("FLSA"), to recover unpaid wages for unpaid salary, minimum wage and/or overtime work performed for which Plaintiff was not paid, liquidated damages, interest and attorney fees and costs and all other relief due and just.

3. Plaintiff worked as an employee of Defendants.

4. Throughout the Plaintiff's employment, the Plaintiff performed numerous work

tasks for the benefit of the employer and the employer failed to compensate the Plaintiff for his labors and benefits provided to the Defendants.

5. Plaintiff request includes payment of compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices, and attorneys' fees and costs.

## PARTIES

    **a.**    **Plaintiff**

6. Plaintiff, Steve Wolff, is an individual resident of Illinois and is a former employee of the Defendants who, within the applicable period of limitations prior to the commencement of this action, unlawfully of deprived Plaintiff of benefits and/or wages due and owing to him by Defendants.

    **b.**    **Defendants**

7. Defendant, Seedays (Illinois) LLC., is a corporation doing business in the State of Illinois.

8. Defendant, Seedays (Illinois) LLC., hereinafter will be referred to as "Defendant" and/or "Seedays" and will include but not be limited to Defendant, all subsidiaries, agents, successors, parent corporations.

9. Individual Defendant Dmitry Isaev was the Plaintiff's direct supervisor at Seedays and recruited the Plaintiff to join Seedays as an employee and is named individually and in his official capacity as an "employer" as defined under Illinois wage law and/or the FLSA. (Hereinafter referred to as Individual Defendant Isaev).

10. Individual Defendant Isaev is a part-owner, business partner, and/or managerial

employee of Seedays and is named individually and in his official capacity as an "employer" as defined under Illinois wage laws and/or the FLSA.

11. Seedays employed the Plaintiff, training him for work, receiving his services, and benefiting from his labors and supervising his employment.

12. At all times relevant hereto, Corporate Defendant was an employer engaged in an industry affecting commerce and affecting commerce.

## JURISDICTION AND VENUE

13. Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. § 1331, as same arises under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act (FLSA).

14. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendants employed Plaintiff in this judicial district, Defendant does business in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## STATEMENT OF FACTS REGARDING OWED WAGES BASED ON FLSA VIOLATIONS

15. Plaintiff was employed by Defendants.

16. Seedays, via Isaev, refused to pay the Plaintiff any compensation whatsoever for Plaintiff's work from January 2015 to April 2015.

17. Thus Mr. Wolff is owed wages for the 10 plus weeks of unpaid wages.

18. The amount of owed wages is estimated to be $67,083.00 or $83,3330, before interest, penalties and fees.

19. Defendants admitted this wage debt was owed and due in an email of July 20, 2015 to Plaintiff.

3

20. In the email Seeday's lack of payment of wages for the 10 weeks of work was noted and agreed that no payment of these owed wages has been made to date.

21. Defendants also agreed to wages is a biweekly payment of $8,333.00.

22. This failure to pay owed wages is a prima facia violation of the Fair Labor Standards Act (FLSA).

23. The Defendants failed to pay the owed wages despite the benefits provided to the Defendants by Plaintiff.

24. Plaintiff was not an apprentice, trainee or independent contractor.

25. Nor is Plaintiff's employment is also not covered under any of the other FLSA exemptions or exceptions, such as volunteer or agriculture work.

## FACTS REGARDING THE BREACH OF CONTRACT CLAIM

26. The Defendants contract promised a salary of $8,333.00 per week.

27. The Plaintiff accepted the terms of the Contract.

28. The Plaintiff provided consideration in the form of his work, labors and efforts.

29. Defendants breached this contract by failing to provide any promised compensation.

30. Plaintiff was damaged by this breach in the amount to be determined by a jury, however Plaintiff is owed at least 10 weeks of wages.

31. Defendants failed to respond to repeated requests to pay owed wages.

### DEFENDANTS' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

32. Defendants required and/or permitted Plaintiff to work and Defendants' did not pay Plaintiff for all (any) of these work hours.

33. Defendants' unlawful conduct has been uniform, widespread, repeated and

consistent.

34. Defendants were aware that Plaintiff worked and was not paid any owed wages including his salary, and/or, minimum wage or his overtime wages.

35. Defendants' have willfully operated a scheme to deprive this employee of his earned salary by deliberately not paying him.

36. Defendants' conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff.

37. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

38. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

### FIRST CLAIM FOR RELIEF
**Claims for Wages**
**Under Fair Labor Standards Act**
**Brought as a Individual Action**

39. Plaintiff realleges and incorporates by reference the all paragraphs contained within this complaint, as if fully set forth herein.

40. At all relevant times, Defendants have been, and continues to be, an "employers" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

41. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

5

42. At all relevant times, Defendants have engaged, and continue to engage, in a willful policy, pattern, or practice of failing to pay owed salary compensation to Plaintiff.

43. Plaintiff makes a claim for all "Compensable Time" including all work suffered or permitted by employer, including all work allowed to occur or Defendants failed to prevent.

44. At all relevant times, the work performed by Plaintiff as for service to Defendants and were and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employee's principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

45. As a result of the Defendants willful failure to record or compensate its employees, including Plaintiff, employed by Defendant's for all hours worked, Defendants have violated, and continue to violate, the records hours provision of the FLSA.

46. As a result of the Defendants' willful failure to record, report, credit, and/or compensate its employees employed at Defendant, including the Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

47. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq Plaintiff seeks damages in the amount of his respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper

48. Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

49. Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

50. At all times relevant to this action Plaintiff was employed by Defendants within the meaning of the FLSA.

51. At all times relevant to this action, Defendants were engaged in commerce and/or the production of goods for commerce and/or Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray's for the following relief:

A    Payment of unpaid wages and liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

B.    Unpaid salary, and/or regular wages, and overtime wages pursuant to the IMWL and other state wage laws;

C.    Compensation originating from Defendant company policies, contractual obligations requirements owed as a result of unpaid wages;

D.    An injunction requiring Defendant to pay all statutorily-required wages pursuant to Illinois Law;

E.    An injunction requiring Defendant to pay all statutorily-required wages

7

pursuant to Illinois Law;

    F.    Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

    G.    Attorneys' fees and costs of this action; and

H.    Such other relief as this Court shall deem just and proper.

## SECOND CLAIM FOR RELIEF
**Claims for wages and benefits due
Under the
Illinois Wage Payment and Collection Act ( the IWPCA)**

53.    Plaintiff realleges and incorporates by reference all the paragraphs in this complaint, as if fully set forth herein.

54.    This cause of action arises out of employment contracts and/or IWPCA Agreements, written and oral.

55.    Plaintiff worked for and was employed by Defendants.

56.    Plaintiff was hired and employed under an oral IWPCA Agreement and/or written contract.

57.    The IWPCA Agreement was that Plaintiff was to be paid $8,333.00 per week for each and every week of work and receive other paid benefits.

58.    Plaintiff worked for Defendants for approximately ten weeks without any payment.

59.    Defendants failed to pay any owed pay and benefits as alleged in this complaint.

60. For public policy reasons, 'an employee shall receive all benefits upon leaving his/her employer'.

61. The Illinois Wage Act 820 ILCS 115/1 et seq. (West 2002), section 5 states "Every Employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

62. The Wage Law provides, in relevant part, that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 11/2 times the regular rate at which he is employed." 820 ILCS 105/4a (West 2002).

63. Plaintiff was under the control and direction of Individual Defendant Isaev and Corporate Defendant Seedays and/or its agents during the period of the Plaintiff's employment under his contracts of service and in fact.

64. Plaintiff was not an independent contractor, rather was an employee of the Defendants by oral agreement and/or written contract.

65. Plaintiff's employment was in the usual course of business for which such service is performed.

66. Plaintiff did not have a proprietary interest in the Defendants.

67. The Defendants' are "employers" under the terms of the IWPCA section 2.

68. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation", therefore Individual Defendant Isaev is an employer under the definition of employer in the

IWPCA, because Individual Defendant Isaev knowingly permitted and directed the violation of the Act (IWPCA).

69. It is alleged that Individual Defendant Isaev is an officer and agent of the Defendants who knowingly permitted such employer to violate the provisions of this Act, therefore should be deemed to be the employers of the employee of the corporation.

70. Plaintiff's demand his compensation for a sum not exceeding the amount due and owed.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in his favor as follows:

A. Unpaid wages and liquidated damages pursuant to IWPCA and IMWL and the supporting Illinois Department of Labor regulations;

B. Liquidated damages in accordance with the IWPCA and IMWL.

C. Unpaid salary, and/or regular wages, and overtime wages pursuant to the IWPCA;

D. Consequential damages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F. Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month;

G. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;

H. Attorneys' fees in accordance with the IWPCA;

I. and costs of this action; and

J. Such other relief as this Court shall deem just and proper

## THIRD CLAIM FOR RELIEF

### Breach of Written and/or Oral Contract

71. Plaintiff realleges and incorporates by reference all paragraphs of this complaint, as if fully set forth herein.

72. Plaintiff and Defendants entered into oral and/or written employment contracts.

73. Defendants failed to pay all promised benefits or compensation as alleged elsewhere in this complaint.

74. Plaintiff provided consideration in the form of his employment and labors to the Defendants and the Defendants provided none of the promised compensation, in mutual consideration of the above-described contract.

75. Defendants, by failing to pay all of his compensation, thereby breached the contracts with Plaintiff.

**76.** Because of the breach of contract the Plaintiff suffered and continues to suffer losses and damages due to the actions of the Defendants.

WHEREFORE, Plaintiff prays for the following relief:

A. Unpaid wages and liquidated damages pursuant to the parties oral and/or written contract;

B. Compensatory damages;

C. Consequential damages;

D. Attorneys' fees and costs of this action; and

E. Such other relief as this Court shall deem just and proper.

## FOUTH CLAIM FOR RELIEF

## Under the Illinois Minimum Wage Law "IMWL"

77. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

78. Plaintiff is an employee of the Defendants pursuant to the IMWL.

79. Plaintiff is employed by Defendants as a salaried employee.

80. Defendants derived benefits by Plaintiff's work.

81. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

82. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## JURY DEMAND

## TRIAL DEMANDED ON ALL CLAIMS SO TRIABLE

Respectfully Submitted,

By: _____/S/ John C. Ireland __

John C. Ireland

The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL 60177
630-464-9675
FACSIMILE 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137