IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Steven F. Wolff

                    Plaintiff,

        v.

Seedays (Illinois) LLC
And Dmitry Isaev
individually and in his
Official capacities as an "employer" as defined
Under Illinois law and FLSA
                    Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No.  16 CV 3348

The Honorable: **Matthew F. Kennelly**
Magistrate Judge:  **Susan E. Cox**

## DEFENDANTS' ANSWER TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Seedays (Illinois) LLC, and Dmitry Isaev, by their undersigned counsel, submit the following answer to the Plaintiff's Complaint:

1.      This case is filed based on Defendants' violations of the Fair Labor Standards Act (hereinafter "FLSA") and the Illinois Minimum Wage Law (hereinafter "IMWL") the Illinois Wage Payment and Collection Act (Hereinafter "IWPCA") and common law breach of contract against Defendant Seedays.

**ANSWER:** Defendants, Seedays (Illinois)  LLC, and Dmitry Isaev assert that Paragraph 1 contains conclusions of law or calls for a legal conclusion to which no response is required. Defendants otherwise deny the allegations contained therein.

2.      This case is filed under the Fair Labor Standards Act ("FLSA") to recover unpaid wages for unpaid salary, minimum wage and/or overtime work performed for which Plaintiff was not paid, liquidated damages, interest and attorney fees and costs and all other relief due and just.

**ANSWER:** Defendants, Seedays (Illinois)  LLC, and Dmitry Isaev assert that Paragraph 2 contains conclusions of law or calls for a legal conclusion to which no response is required. Defendants otherwise deny the allegations contained therein.

1

3.      Plaintiff worked as an employee of Defendants.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit that the Plaintiff was an employee of the Defendants.

4.      Throughout the Plaintiff's employment, the Plaintiff performed numerous work tasks for the benefit of the employer and the employer failed to compensate the Plaintiff for his labors and benefits provided to the Defendants.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev assert that this is a compound question. Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit that the Plaintiff performed numerous tasks, but deny that the employer failed to compensate the Plaintiff for his labor.

5.      Plaintiff request includes payment of compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices, and attorneys' fees and costs.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny all allegations raised by the Plaintiff in Paragraph 5 of the Complaint and demand a strict proof thereof.

## PARTIES

a.      **Plaintiff**

6.      Plaintiff, Steve Wolff, is an individual resident of Illinois and is a former employee of the Defendants who, within the applicable period of limitations prior to the commencement of this action, unlawfully of deprived Plaintiff of benefits and/or wages due and owing to him by Defendants.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev assert that this is a compound question. Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit that Plaintiff,

Steve Wolff is an individual resident of Illinois and is a former employee of the Defendants. Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny that Plaintiff was unlawfully deprived of benefits and/or wages due and owing to him by Defendants.

        **b.**    **Defendants**

7.      Defendant, Seedays (Illinois) LLC., is a corporation doing business in the State of Illinois.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit that Seedays (Illinois) LLC., is a corporation doing business in the State of Illinois.

8.      Defendant, Seedays (Illinois) LLC., (hereinafter will be referred to as "Defendant" and/or "Seedays" and/or "Defendant Seedays") includes all Defendant subsidiaries, agents, successors, parent corporations.

**ANSWER:** Paragraph 8 of the complaint asserts a legal conclusion to which no answer is required.

9.      Individual Defendant Dmitry Isaev was the Plaintiff's direct supervisor at Seedays and recruited the Plaintiff to join Seedays as an employee and is named individually and in his official capacity as an "employer" as defined under Illinois wage law and/or the FLSA. (Hereinafter referred to as Individual Defendant Isaev).

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev assert that this is a compound question. Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit that Dmitry Isaev hired the Plaintiff. Defendants, Seedays (Illinois) LLC, and Dmitry Isaev assert that the second part of the question asserts a legal conclusion to which no answer is required.

10.     Individual Defendant Isaev is a part-owner, business partner, and/or managerial employee of Seedays and is named individually and in his official capacity as an "employer" as

3

defined under Illinois wage laws and/or the FLSA.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev assert that this is a compound question. Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit that Dmitriy Isaev was a part-owner and business partner. Defendants, Seedays (Illinois) LLC, and Dmitry Isaev assert that the second part of the question asserts a legal conclusion to which no answer is required.

11.     Defendant Seedays employed the Plaintiff, training him for work, receiving his services, and benefiting from his labors and supervising his employment.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 11 of the Complaint.

12.     At all times relevant hereto, Corporate Defendant was an employer engaged in an industry affecting commerce and affecting commerce.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13.     Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. § 1331, as same arises under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act (FLSA).

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev assert that Paragraph 13 of the Complaint asserts  legal conclusion to which no answer is required.

14.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendants employed Plaintiff in this judicial district, Defendant does business in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

4

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev assert that Paragraph 14 of the Complaint asserts legal conclusion to which no answer is required.

## STATEMENT OF FACTS REGARDING OWED WAGES BASED ON FLSA VIOLATIONS

15.     Plaintiff was employed by Defendants.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in paragraph 15 of the Complaint.

16.     Defendant Seedays, via Isaev, refused to pay the Plaintiff any compensation whatsoever for Plaintiff's work from January 2015 to April 2015.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in paragraph 16 of the Complaint and demand a strict proof thereof.

17.     Thus Mr. Wolff is owed wages for the 10 plus weeks of unpaid wages.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in paragraph 17 of the Complaint and demand a strict proof thereof.

18.     The amount of owed wages is estimated to be $67,083.00 or $83,3330, before interest, penalties and fees.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in paragraph 18 of the Complaint .

19.     Defendants admitted this wage debt was owed and due in an email of July 20, 2015 to Plaintiff.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev vehemently deny allegations contained in paragraph 19 of the Complaint. There was no admission of any sort on behalf of the Defendants whatsoever. The Plaintiff makes a reference to July 20, 2015 letter, however fails to attach such letter to the Complaint. Moreover, upon information and

5

belief, the Plaintiff makes a reference to settlement negotiations between Defendants' previous attorney. Therefore any communication mate in progress of a settlement must be stricken and not admissible. Therefore, Paragraph 19 of the Complaint must be stricken in its entirety.

20.     In the email Seeday's lack of payment of wages for the 10 weeks of work was noted and agreed that no payment of these owed wages has been made to date.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev vehemently deny allegations contained in paragraph 20 of the Complaint. There was no admission of any sort on behalf of the Defendants whatsoever. The Plaintiff makes a reference to July 20, 2015 letter, however fails to attach such letter to the Complaint. Moreover, upon information and belief, the Plaintiff makes a reference to settlement negotiations between Defendants' previous attorney. Therefore any communication mate in progress of a settlement must be stricken and not admissible. Therefore, Paragraph 20 of the Complaint must be stricken in its entirety.

21.     Defendants also agreed to wages is a biweekly payment of $8,333.00.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev vehemently deny allegations contained in paragraph 21 of the Complaint. There was no admission of any sort on behalf of the Defendants whatsoever. The Plaintiff makes a reference to July 20, 2015 letter, however fails to attach such letter to the Complaint. Moreover, upon information and belief, the Plaintiff makes a reference to settlement negotiations between Defendants' previous attorney. Therefore any communication mate in progress of a settlement must be stricken and not admissible. Therefore, Paragraph 21 of the Complaint must be stricken in its entirety.

22.     This failure to pay owed wages is a prima facia violation of the Fair Labor Standards Act (FLSA).

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny any violation of FLSA and demand a strict proof thereof.

6

23.     The Defendants failed to pay the owed wages despite the benefits provided to the Defendants by Plaintiff.

**ANSWER :** Defendants, Seedays (Illinois)  LLC, and Dmitry Isaev deny Plaintiff's allegations in Paragraph 23 of the Complaint and demand a strict proof thereof.

24.     Plaintiff was not an apprentice, trainee or independent contractor.

**ANSWER :** Defendants, Seedays (Illinois)  LLC, and Dmitry Isaev admit allegations in Paragraph 24 of the complaint.

## FACTS REGARDING THE BREACH OF CONTRACT CLAIM

25.     The Defendant Seedays contract promised a salary of $8,333.00 per week.

**ANSWER :** Defendants, Seedays (Illinois)  LLC, and Dmitry Isaev deny allegations contained in paragraph 25 of the complaint. Paragraph 25 contradicts Plaintiff's own allegations contained in paragraph 21 of the Complaint.

26.     The Plaintiff accepted the terms of the Contract.

**ANSWER :** Defendants, Seedays (Illinois)  LLC, and Dmitry Isaev lack knowledge to the allegations contained in Paragraph 26 of the Complaint.

27.     The Plaintiff provided consideration in the form of his work, labors and efforts.

**ANSWER :** Defendants, Seedays (Illinois)  LLC, and Dmitry Isaev admit allegations in Paragraph 27 of the complaint.

28. Defendant Seedays breached this contract by failing to provide any promised compensation from January 2015 to April 2015.

**ANSWER :** Defendants, Seedays (Illinois)  LLC, and Dmitry Isaev deny allegations in Paragraph 28 of the complaint and demand a strict proof thereof.

29.     Plaintiff was damaged by this breach in the amount to be determined by a jury, however Plaintiff is owed at least 10 weeks of wages.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations in Paragraph 29 of the complaint and demand a strict proof thereof.

30.     Defendant Seedays failed to respond to repeated requests to pay owed wages.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations in Paragraph 30 of the complaint.

## DEFENDANTS' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

31.     Defendants required and/or permitted Plaintiff to work and Defendants' did not pay Plaintiff for all (any) of these work hours from January 2015 to April 2015.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations in Paragraph 31 of the complaint and demand a strict proof thereof.

32.     Defendants' unlawful conduct has been uniform, widespread, repeated and consistent.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations in Paragraph 32 of the complaint and demand a strict proof thereof.

33.     Defendants were aware that Plaintiff worked and was not paid any owed wages including his salary, and/or, minimum wage or his overtime wages.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations in Paragraph 33 of the complaint and demand a strict proof thereof.

34.     Defendants' have willfully operated a scheme to deprive this employee of his earned salary by deliberately not paying him.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations in Paragraph 34 of the complaint and demand a strict proof thereof.

35. Defendants' conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations in Paragraph 35 of the complaint and demand a strict proof thereof.

36. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

**ANSWER :** Paragraph 36 of the complaint asserts legal conclusion to which no answer is required. To the extent that the answer is required, Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations in Paragraph 36 of the complaint.

37. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev lack knowledge as to the allegations contained in paragraph 37 of the complaint.

## FIRST CLAIM FOR RELIEF
### Claims for Wages
### Under Fair Labor Standards Act
### Brought as a Individual Action

38. Plaintiff realleges and incorporates by reference the all paragraphs contained within this complaint, as if fully set forth herein.

**ANSWER:** No answer is required to paragraph 38 of the Complaint.

39. At all relevant times, Defendants have been, and continues to be, an "employers" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

9

**ANSWER :** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 39 of the complaint.

40.    At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 40 of the complaint.

41.    At all relevant times, Defendants have engaged, and continue to engage, in a willful policy, pattern, or practice of failing to pay owed salary compensation to Plaintiff.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 41 of the complaint.

42.    Plaintiff makes a claim for all "Compensable Time" including all work suffered or permitted by employer, including all work allowed to occur or Defendants failed to prevent.

**ANSWER:** Plaintiff makes a legal conclusion in paragraph 42 of the complaint to which no answer is required.

43.    At all relevant times, the work performed by Plaintiff as for service to Defendants and were and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employee's principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 43 of the complaint.

44.    As a result of the Defendants willful failure to record or compensate its employees, including Plaintiff, employed by Defendant's for all hours worked, Defendants have violated, and continue to violate, the records hours provision of the FLSA.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 44 of the complaint and demand a strict proof thereof.

45.     As a result of the Defendants' willful failure to record, report, credit, and/or compensate its employees employed at Defendant, including the Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 45 of the complaint and demand a strict proof thereof.

46.     The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq Plaintiff seeks damages in the amount of his respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 46 of the complaint and demand a strict proof thereof.

47.     Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**ANSWER:** Paragraph 47 of the complaint makes a legal conclusion to which no answer is required.

48.     Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Defendants lack knowledge as to the allegations contained in Paragraph 48 of the Complaint.

49.     At all times relevant to this action Plaintiff was employed by Defendants within the meaning of the FLSA.

11

**ANSWER:** Paragraph 49 of the complaint makes a legal conclusion to which no answer is required.

50.     At all times relevant to this action, Defendants were engaged in commerce and/or the production of goods for commerce and/or Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 50 of the complaint.

51.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 51 of the complaint and demand a strict proof thereof.

### S E C O N D   C L A I M   F O R   R E L I E F
#### Claims for wages and benefits due
#### Under the
#### Illinois Wage Payment and Collection Act (the IWPCA)

52.     Plaintiff realleges and incorporates by reference all the paragraphs in this complaint, as if fully set forth herein.

**ANSWER:** No answer is required to paragraph 52 of the Complaint.

53.     This cause of action arises out of employment contracts and/or IWPCA Agreements, written and oral.

**ANSWER:** Paragraph 53 of the Complaint asserts a legal conclusion to which no answer is

required.

54.     Plaintiff worked for and was employed by Defendants.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 54 of the complaint.

55.     Plaintiff was hired and employed under an oral IWPCA Agreement and/or written contract.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 55 of the complaint.

56.     The IWPCA Agreement was that Plaintiff was to be paid $8,333.00 per week for each and every week of work and receive other paid benefits.

**ANSWER:** Defendants, Seedays (Illinois)  LLC, and Dmitry Isaev deny allegations contained in paragraph 56 of the complaint. Paragraph 25 contradicts Plaintiff's own allegations contained in paragraph 21 of the Complaint.

57.     Plaintiff worked for Defendants for approximately ten weeks without any payment from January 2015 to April 2015.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 57 of the complaint and demand a strict proof thereof.

58.     Defendants failed to pay any owed pay and benefits as alleged in this complaint.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 58 of the complaint and demand a strict proof thereof.

59.     For public policy reasons, 'an employee shall receive all benefits upon leaving his/her employer'.

**ANSWER:** Paragraph 59 of the Complaint asserts a legal conclusion to which no answer is

required.

60.     The Illinois Wage Act 820 ILCS 115/1 et seq. (West 2002), section 5 states "Every Employer shall pay the final compensation of separated employees in full, at the time   of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

**ANSWER:** Paragraph 60 of the Complaint asserts a legal conclusion to which no answer is required.

61.     The Wage Law provides, in relevant part, that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 11/2 times the regular rate at which he is employed." 820 ILCS 105/4a (West 2002).

**ANSWER:** Paragraph 61 of the Complaint simply restates the law to which no answer is required.

62.     Plaintiff was under the control and direction of Individual Defendant Isaev and Corporate Defendant Seedays and/or its agents during the period of the Plaintiff's employment under his contracts of service and in fact.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 62 of the complaint and demand a strict proof thereof.

63.     Plaintiff was not an independent contractor, rather was an employee of the Defendants by oral agreement and/or written contract.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 63 of the complaint.

64.     Plaintiff's employment was in the usual course of business for which such service is performed.

14

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 64 of the complaint.

65.     Plaintiff did not have a proprietary interest in the Defendants.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 65 of the complaint.

66.     The Defendants' are "employers" under the terms of the IWPCA section 2.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 66 of the complaint.

67. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation", therefore Individual Defendant Isaev is an employer under the definition of employer in the IWPCA, because Individual Defendant Isaev knowingly permitted and directed the violation of the Act (IWPCA).

**ANSWER:** Paragraph 67 of the Complaint simply restates the law to which no answer is required.

68.     It is alleged that Individual Defendant Isaev is an officer and agent of the Defendants who knowingly permitted such employer to violate the provisions of this Act, therefore should be deemed to be the employers of the employee of the corporation.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 68 of the complaint and demand a strict proof thereof.

69.     Plaintiff's demand his compensation for a sum not exceeding the amount due and owed, and Plaintiff was not paid the wages due.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations

15

contained in Paragraph 69 of the complaint and demand a strict proof thereof.

## THIRD CLAIM FOR RELIEF

### Breach of Written and/or Oral Contract
### Against Corporate Defendant

70.     Plaintiff realleges and incorporates by reference all paragraphs of this complaint, as if fully set forth herein.

**ANSWER:** No answer is required to paragraph 70 of the Complaint.

71.     Plaintiff and Defendant Seedays entered into oral and/or written employment contracts.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 71 of the complaint.

72.     Defendant Seedays failed to pay all promised benefits or compensation as alleged elsewhere in this complaint.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 72 of the complaint and demand a strict proof thereof.

73.     Plaintiff provided consideration in the form of his employment and labors to the Defendant Seedays and Defendant Seedays provided none of the promised compensation from January 2015 to April 2015, in mutual consideration of the above-described contract.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 73 of the complaint and demand a strict proof thereof.

74.     Defendant Seedays, by failing to pay all of his compensation from January 2015 to April 2015, thereby breached the contracts with Plaintiff.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 74 of the complaint and demand a strict proof thereof.

16

75.     Because of the breach of contract the Plaintiff suffered and continues to suffer losses and damages due to the actions of the Defendant Seedays.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 75 of the complaint and demand a strict proof thereof.

### F O U T H   C L A I M   F O R   R E L I E F
#### Under the Illinois Minimum Wage Law "IMWL"

76.     Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

**ANSWER:** No answer is required to paragraph 76 of the Complaint.

77.     Plaintiff is an employee of the Defendants pursuant to the IMWL.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 77 of the complaint.

78.     Plaintiff is employed by Defendants as a salaried employee.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 78 of the complaint.

79.     Defendants derived benefits by Plaintiff's work.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev admit allegations contained in Paragraph 79 of the complaint.

80.     As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

**ANSWER:** Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 80 of the complaint and demand a strict proof thereof.

81,     Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

**ANSWER:** Paragraph 81 of the complaint contains a legal conclusion to which no answer is required, to the extent that an answer is required, Defendants, Seedays (Illinois) LLC, and Dmitry Isaev deny allegations contained in Paragraph 81 of the complaint and demand a strict proof thereof.

Date:  March 24, 2014

Respectfully Submitted,

Fedor Kozlov, ESQ

**Fedor Kozlov**
**Law Office of Fedor Kozlov, P.C.**
1990 E. Algonquin Rd. Suite 230
Schaumburg, Illinois 60173
Phone # 847.241.1299
Fax # 847.241.1166
ARDC 6301810